UNITED STATES of America, Plaintiff–Appellee,

v.

Juanita ZAMORA, Defendant–Appellant.

No. 01–1735.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 14, 2001.

Decided Dec. 17, 2001.

---

Before Hon. COFFEY, Hon. EASTERBROOK, and Hon. DIANE P. WOOD, Circuit Judges.

## ORDER

Juanita Zamora pleaded guilty to conspiring to promote and participate in sham marriages to evade the immigration laws, in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1325. The district court sentenced Zamora to 48 months' imprisonment, 3 years' supervised release, and a $2000 fine. The court declined to grant Zamora a three-level reduction in offense level for acceptance of responsibility under § 3E1.1 of the United States Sentencing Guidelines. Zamora challenges the sentencing judge's refusal to grant the three-level reduction. We affirm.

From November 1986 to July 2000. Zamora arranged sham marriages for foreign nationals seeking permanent resident status. Zamora charged at least $1,500 to arrange a marriage to a United States citizen. She enlisted several friends and relatives into this scheme, paying them to

serve as "spouses" for her clients. Sometimes Zamora herself served as a spouse.

A grand jury returned an eighteen-count indictment, and Zamora agreed to plead guilty to the conspiracy charge in exchange for dismissal of the other seventeen counts. At Zamora's first change-of-plea hearing, the court questioned Zamora about her ability to understand the proceedings. Zamora said that she regularly took several medications and had taken medication that day, but still she acknowledged that she understood what was happening. Zamora's attorney characterized her as rational and well-oriented and said that Zamora had engaged in "intelligent conversations" with counsel that morning. After the government summarized the factual basis for the guilty plea, Zamora stated. "I'm guilty." But when the court asked her to explain in her own words what she had done. Zamora said. "I didn't do nothing. They used to do it on their own, but they try to blame everything on me." Zamora made additional comments suggesting that several sham "spouses" who were named as co-conspirators had set her up. The court refused to accept her guilty plea and set a trial date.

Ten days later Zamora appeared at a second change-of-plea hearing. This time she admitted her five "marriages" to illegal aliens herself but, at first, still denied arranging sham marriages involving "spouses". Eventually, after the court questioned Zamora extensively, she admitted arranging marriages other than her own. The court then accepted her guilty plea, and yet in a subsequent presentence interview, Zamora declined to discuss the offense with the probation officer except to claim anew that her co-defendants were blaming her for their own actions. The probation officer recommended that the court deny Zamora a downward adjustment for acceptance of responsibility be-cause she had not been fully candid at either change-of-plea hearing and had refused to discuss the offense during her presentence interview. Zamora objected to this recommendation, but to no avail.

On appeal, Zamora argues that her first plea colloquy ended in failure because "medical, medication, language, and personality problems" caused her to misunderstand the proceedings. The district court, she says, misinterpreted her confusion as a refusal to admit culpability.

 Whether a defendant has accepted responsibility is a question of fact, reviewed for clear error. *United States v. Utecht*, 238 F.3d 882, 888 (7th Cir.2001). A defendant who pleads guilty is not entitled to an adjustment for acceptance of responsibility as a matter of right. U.S.S.G. § 3E1.1, comment. (n.3); *United States v. Booker*, 248 F.3d 683, 690 (7th Cir.2001); *United States v. Simmons*, 218 F.3d 692, 696 (7th Cir.), *cert. denied*, 531 U.S. 1097, 121 S.Ct. 825, 148 L.Ed.2d 708 (2001). Rather, the defendant bears the burden of demonstrating to the district court that she accepts moral responsibility for her offense and is entitled to a reduction. *Booker*, 248 F.3d at 690; *United States v. Kamoga*, 177 F.3d 617, 622 (7th Cir.1999). A "grudging and incomplete admission, accompanied by an excuse to minimize [the defendant's] own culpability, does not indicate acceptance of responsibility." *United States v. Aquilla*, 976 F.2d 1044, 1053 (7th Cir.1992).

Zamora's behavior at the first change-of-plea hearing provided ample basis for concluding that she did not accept responsibility for her role in the marriage scheme. Although Zamora responded "I'm guilty" when asked if she had committed the offense, she refused to admit details of her criminal activities. Instead, when the court asked Zamora to explain what she had done, Zamora tried to shift responsi-

bility to others: "I didn't do nothing. They [co-conspirators] used to do it on their own, but they try to blame everything on me.... They came to me, told me we don't know what you're saying.... [T]hey came in first trying to mess me up. They put all the charges to me." Moreover, the court took care to establish that "medical, medication, language, and personality problems" would not impede Zamora's ability to understand. In response to the court's questioning concerning her mental state and her level of comprehension, Zamora repeatedly asserted that she understood the proceedings. Defense counsel represented to the court that Zamora was "rational and well oriented."

We afford great deference to a district court's determination of a defendant's acceptance of responsibility because the sentencing judge has a "front row seat" from which to evaluate the defendant's statements and demeanor. *Booker*, 248 F.3d at 690. The sentencing judge based her finding that Zamora had denied culpability on her "front row" view of the defendant at the change of plea hearing as well as on evidence in the record:

> ... I find that there is no basis in the record to conclude that Ms. Zamora's declination of culpability had anything to do with medication, personality problems or misunderstanding. I saw her. I observed her. I heard what she said, and she tried to place the blame on others. And, indeed, that is consistent with the position she's taken with the probation office, up until this [PSR] was submitted.

Zamora did not appear contrite at either of her change-of-plea hearings, and she displayed more remorse over being apprehended than over breaking the law.

In the PSR the probation officer recommends against an acceptance reduction and states that "[i]n a presentence inter-

view, Mrs. Zamora would not discuss the offense other than to refer to two marriages which she entered into which were legitimate, denying that she has threatened anyone, and claiming that everyone is blaming her." Zamora did not cooperate with the probation office and the court to the fullest extent possible, and she was therefore not entitled to an acceptance reduction. The judge's determination that Zamora denied, and understood that she was denying, culpability is reasonable and is corroborated by the PSR. *See Kamoga*, 177 F.3d at 622 (absent truthful and complete admission of the underlying facts, guilty plea alone is insufficient to support a finding of acceptance of responsibility). The court properly denied Zamora a reduction in offense level for acceptance of responsibility.

AFFIRMED.